AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JAMES WARREN FINNISTER<br><br>*Defendant(s)* | Case No.<br>6:24-mj- 1015 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  January 9, 2024  in the county of  Orange  in the  Middle  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46504 | Interfering with the performance of the duties of a flight crew member. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Tony Helicio*
Complainant's signature

Tony Helicio, Senior Inspector, USMS
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date:  1/10/2024

City and state:  Orlando, FL

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

STATE OF FLORIDA            CASE NO. 6:24-mj- 1015

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Tony Helicio, Senior Inspector with the United States Marshals Service, do swear as follows:

1. I am employed as a Senior Inspector/Deputy United States Marshal (DUSM) for the United States Marshals Service. I am presently assigned to the FBI Joint Terrorism Task Force (JTTF) assigned as an Airport Liaison Agent under the Civil Aviation Security Program. I have been employed with the United States Marshals Service for 22 years. Prior to being sworn in as a DUSM, I completed a 13-week Criminal Investigator Training Program, followed by a 6-week Basic DUSM training program at the Federal Law Enforcement Training Center. During my training at the Federal Law Enforcement Training Center and throughout my career, I have received training in criminal investigations, interviews, case management, and criminal apprehension. Prior to my employment with the United States Marshals Service, I was employed with the Immigration & Naturalization Service in San Diego, California for three years. I also served in the U.S. Marine Corps Reserve from 1990 to 1998.

2. This affidavit is made for the purpose of supplying probable cause to support a criminal complaint against James Warren FINNISTER for interfering with the performance of the duties of the flight crew member or flight attendant or

lessened the ability of the member or attendant to perform those duties, while in the special aircraft jurisdiction of the United States of the United States, in violation of 49 U.S.C. § 46504.

3.      The information contained in this affidavit is information of my personal knowledge, or information known by me and given to me by individuals involved in this investigation of which they have personal knowledge.  Additionally, this information is limited to the information necessary to establish probable cause and does not necessarily contain all of the knowledge that I have in reference to this investigation.

## **PROBABLE CAUSE**

4.      At approximately 10:00 a.m. on January 9, 2024, Federal Air Marshal ("FAM") David Darcangelis and Customs & Border Protection Officer ("CBP") Alex Alvarez, both Federal Bureau of Investigation ("FBI") Task Force Officers responded to Spirit Airlines Flight 693 at Gate 23 of the Orlando International Airport ("OIA") in response to a notification that was received from the Orlando Police Department ("OPD").  OPD had advised that an incident requiring FBI response had occurred on an aircraft that had just landed at OIA.

5.      FBI Task Force Officers were advised that approximately an hour into the flight, James Warren Finnister ("FINNISTER") asked the lead flight attendant if she wanted to join the "mile high club."  FINNISTER was originally assigned to 18D, but never sat in that seat.  At the time of this interaction with the lead flight attendant, FINNISTER was reassigned to 22A, which is a window seat.

2

6. During the second interaction with airlines personnel, FINNISTER intentionally grabbed a female aircraft flight attendant when Spirit Airlines Flight 693 was in flight, pulled her into his seat, and asked her if she wanted to join the "mile high club," interfering with her ability to perform her duties. The flight attendant was able to free herself from FINNISTER'S grip and report the incident to her flight supervisor.

7. In addition to that question, FINNISTER also asked the flight attendant multiple questions about the aircraft cockpit, which alarmed her, including questions related to entering the aircraft cockpit.

8. FINNISTER admitted to OPD that he asked the flight attendants if they wanted to join the "mile high club." FINNISTER also stated that he took multiple alcoholic shots to calm his nerves prior to the flight, which he stated was his first.

9. FINNISTER also laid down on the floor of the aircraft in front of his seat after being moved for a third time by flight attendants due to his disruptive, intimidating behaviors. The flight attendants were forced to stop service and pick FINNISTER off the floor.

10. The flight departed Louisville, Kentucky, at approximately 8:11 a.m. (Eastern time) on January 9, 2024, and arrived in OIA at approximately 10:26 a.m. (Eastern time) on January 9, 2024.

## CONCLUSION

11.     Based on the foregoing, probable cause exists to believe that James Warren FINNISTER knowingly interfered with the performance of the duties of the flight crew member or flight attendant, or lessened the ability of the member or attendant to perform those duties, while in the special aircraft jurisdiction of the United States, in violation of 49 U.S.C. § 46504.

*Tony Helicio*
_____
Tony Helicio
Senior Inspector
United States Marshals Service

Affidavit submitted by email and attested
to me as true and accurate by
video conference consistent with
Fed. R. Crim. P. 4.1 and 4(d) before me
this  10  day of January, 2024.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE